I must respectfully dissent from the decision reached by the majority in this case.
Given that appellee was the moving party on the within motion for summary judgment, the evidence presented must be construed most strongly in favor of appellant, as the nonmoving party.Parson, supra.
I agree with appellant that absent appellee's urgence that DePizzo utilize an accounting firm which it recommended in order to insure the granting of DePizzo's loan, the past business relationship between appellant and DePizzo would have continued as clearly, appellant was the only accounting firm employed by DePizzo for numerous years. Appellant had prepared financial statements for DePizzo in the past by virtue of the annual express contracts between these parties. There was no evidence presented to indicate that during his association with appellant, DePizzo sought the services of any other accounting firm for the purpose of preparing financial statements.
The business relationship between appellant and DePizzo was governed by annual engagement letters. As the majority notes, the last such agreement between appellant and DePizzo was entered into by an engagement letter dated in January 1994. Mr. Scott testified on behalf of appellant that said agreement included the preparation of a financial statement for the 1993 tax year. (Scott Depo. 29). During the existence of the annual engagement letter in 1994, DePizzo sought to obtain a loan from appellee in the amount of ten million dollars. At the seventh month of the year long agreement with appellant, DePizzo switched accounting firms to one recommended by appellee.
An express, written contract between two parties in a business relationship is not necessary. Appellant and DePizzo had a decade long business relationship during which time appellant provided services for all of DePizzo's accounting needs. Clearly, the intention of these parties under the final, annual engagement letter was that appellant would continue accounting services for DePizzo for that year. Based upon their past dealings and I business relationship, evidence of an implied contract was presented.
Additionally, appellee should not be permitted to benefit from granting a loan made contingent upon the utilization of a specific accounting firm as recommended by appellee. Appellee required DePizzo to submit financial statements to fulfill the reporting requirements under DePizzo's requested loan agreement which were prepared by an accounting firm which wasacceptable to appellee. Such action took away DePizzo's right to exercise his free will to choose the accounting firm with which he had become familiar and comfortable over the years, to provide services regarding his financial accounting needs. No evidence was presented in this case which would lend credence to appellee's asserted interest in assuring DePizzo's creditworthiness.
To allow the actions exhibited by appellee in this case to continue, would only cause issues relating to interference with contracts to arise more and more. Encouraging agencies and institutions such as appellee to promote or direct the utilization of other "in-house" type agencies, such as occurred in the case at bar, would induce an individual to forego his right to make his own choices freely and would inhibit such individual from continuing a business relationship with a long-standing, trusted advisor or provider.
Viewing the facts in this case in a light most favorable to appellant as is required, genuine issues of material fact clearly existed concerning the business arrangement between appellant and DePizzo, and the extent of appellee's involvement in causing such business arrangement to cease. Therefore, I would reverse the decision of the trial court granting summary judgment in favor of appellee and remand for further proceedings.
 APPROVED: _________________________ EDWARD A. COX, PRESIDING JUDGE